**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
            *Plaintiff-Appellee,*

v.

PEGGY ANN COX, a/k/a Ann Ackers,
a/k/a Ann P. Allen, a/k/a Peggy
Ann Allen, a/k/a Peggy Baker, a/k/a
Peggy Barker, a/k/a Peggy
Berlandia, a/k/a Peggy Berlandi,
a/k/a Peggy Berlandic, a/k/a Peggy
Berlandy, a/k/a Peggy Smith Cox,
a/k/a Peggy Gasho, a/k/a Peggy
Gashooa, a/k/a Peggy Gashoda,
a/k/a Peggy Predin, a/k/a Peggy
Prenzlen, a/k/a Peggy Thompson,
a/k/a Peggy Wells, a/k/a Peggy
Wright,

            *Defendant-Appellant.*

No. 03-4351

Appeal from the United States District Court
for the Southern District of West Virginia, at Charleston.
Charles H. Haden II, District Judge.
(CR-02-166)

Submitted: October 23, 2003

Decided: October 30, 2003

Before WILLIAMS, MOTZ, and SHEDD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**COUNSEL**

Mary Lou Newberger, Federal Public Defender, Edward H. Weis, Assistant Federal Public Defender, Charleston, West Virginia, for Appellant. Kasey Warner, United States Attorney, L. Anna Crawford, Assistant United States Attorney, Charleston, West Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

Peggy Ann Cox pled guilty to one count of mail fraud, 18 U.S.C. §§ 1341, 2 (2000) (Count Ten), and one count of Social Security fraud, 42 U.S.C. § 408(a)(7)(B) (2000, 18 U.S.C. § 2 (2000) (Count 16). Cox was sentenced to a term of twenty-seven months imprisonment. Her attorney has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), raising as a potentially meritorious issue the district court's imposition of a sentence at the top of the guideline range, but asserting that, in his view, there are no meritorious issues for appeal. Cox has been informed of her right to file a pro se supplemental brief but has not filed a brief. We affirm the conviction and sentence.

Count Ten arose from a false claim of injury that Cox filed with the West Virginia Worker's Compensation Division of the Bureau of Employment Programs for which she received a total of $34,065.70. Cox's relevant conduct included another false worker's compensation claim for which she fraudulently obtained $13,018.21. Underlying Count Sixteen was Cox's attempt to obtain financial assistance, medical benefits, and food stamps from the West Virginia Department of Health and Human Resources using false Social Security numbers for herself and her daughter; she also falsely claimed that her daughter

was a minor in her care. Cox made no objection to the calculation of her guideline range.

The district court's decision to sentence Cox at the top of the guideline range was discretionary and is not reviewable on appeal. *United States v. Jones*, 18 F.3d 1145, 1151 (4th Cir. 1994). Pursuant to *Anders*, this court has reviewed the record for reversible error and found none. We therefore affirm the conviction and sentence. This court requires that counsel inform his client, in writing, of her right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*